892 F.2d 79
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Henry HAYES, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 89-3285.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1989.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Claimant, Henry Hayes, was denied social security disability benefits and the Secretary's decision was upheld by the district court. Upon appeal to this court, we affirmed the decision of the Secretary except as to his conclusion relating to available work in the national economy. We remanded for further proceedings on this issue. A supplemental hearing was held on September 16, 1987, before an administrative law judge (ALJ), at which the claimant and a vocational expert testified. On November 10, 1987, the ALJ issued a decision denying claimant's application. The Appeals Council reviewed the ALJ's findings and adopted his recommended decision. This matter was then reopened in the district court and the district judge concluded that substantial evidence supported the Secretary's decision. Claimant again challenges this conclusion on appeal.
 
 
 2
 Upon a review of the entire record, with special attention being given to the supplemental record, we conclude that the Secretary's decision is supported by substantial evidence and we affirm.
 
 I.
 
 3
 The facts of this case were fully set forth in our earlier opinion[1] and will not be repeated in detail. Suffice it to say that claimant suffers from a contact dermatitis involving a severe allergy to products containing the chemical Thiuram.[2] He was exposed to this chemical in sufficient quantities in his prior job with Chrysler Corporation that he had to quit in 1983 and has not worked since. There is no dispute that Hayes is unable to perform his past relevant work. It is also undisputed that claimant has no exertional limitations which would keep him from performing sedentary work as long as he does not come in contact with products containing Thiuram in sufficient quantities to trigger his allergy.[3]
 
 
 4
 At the supplemental hearing, John Campbell, M.A., a vocational expert (VE), testified and indicated there was a significant number of jobs at which claimant could work which would not require an undue exposure to Thiuram. At the initial hearing a VE did not testify but, by agreement of the parties, interrogatories were submitted to a VE, Mamie Hankerson, who identified a significant number of jobs that claimant could perform within his limitations. Claimant countered this testimony by submitting the report of an industrial hygienist who opined that claimant could not perform the jobs suggested by VE Hankerson because of the prevalence of Thiuram in the work place. Claimant argues that the jobs identified by VE Campbell are essentially the same jobs identified by VE Hankerson. Claimant also argues that an industrial hygienist knows more about the prevalence in the workforce of Thiuram than does a VE. This is really claimant's primary contention on appeal.
 
 II.
 
 5
 Although as an abstract proposition we would accept claimant's premise that an industrial hygienist knows more than a VE about Thiuram, we do not find that that conclusion resolves this case. Claimant is a comparatively young man who has not worked since 1983.[4] He has been receiving approximately $900 per month in pension and another $518 per month in insurance benefits. He has a high school education and has no physical limitations on his ability to work other than his allergy. By his own testimony he leads a relatively normal, albeit somewhat reclusive, life. Since claimant has been out of an industrial setting, his dermatitis has been controlled and he had not had a significant flare-up in two years at the time of the supplemental hearing. During the six years that this matter has been pending, claimant has not attempted to do any work outside an industrial setting. Therefore, we have only the opinion of the industrial hygienist which is less than conclusive. The industrial hygienist states that slight "environmental exposure may produce flare-ups." Hayes could not hold "any of the suggested jobs without the very real potential of further episodes of eczematous dermatitis." (App. 297-98).
 
 
 6
 In concluding that the Secretary should prevail, it is not necessary that we reject the views of the industrial hygienist. Indeed, they may constitute substantial evidence. But the question is--does substantial evidence support the Secretary's determination? On balance, we find that it does. Claimant's response to treatment and the life he has lived for the last six years strongly suggest that it is only significant concentrations of Thiuram that must be avoided and that it is possible to find sedentary work that does not carry the risk of significant exposure.
 
 
 7
 This case has been under consideration now for six years and our remand was for the limited purpose of ascertaining whether there were jobs at which claimant could safely work. After the remand and an opportunity for both sides to submit new evidence, the ALJ, the Appeals Council, a federal magistrate, and a district court judge all agreed that substantial evidence supported a denial of benefits. We agree.
 
 
 8
 AFFIRMED.
 
 
 9
 MILBURN, Circuit Judge, dissenting.
 
 
 10
 I respectfully dissent. On the previous appeal, we examined the evidence and the Secretary's application of the five-step sequential analysis found at 20 C.F.R. § 404.1520. We approved the Secretary's application of the first four steps, and the conclusion that appellant's condition prevents him from performing his past relevant work. However, we were not satisfied with the Secretary's application of the final step, which requires the Secretary to consider appellant's residual functional capacity, age, education, and past work experience to determine if appellant can do other substantial gainful work which exists in the national economy.
 
 
 11
 The evidence from the original hearing included a vocational expert's report which found that a significant number of jobs existed which appellant could perform, including cashier, ticket seller, and telephone answering service. However, we observed, "It appears that each of the jobs cited by the vocational expert as within appellant's limitations may well involve exposure to appellant's allergens." We concluded that there was insufficient "information upon which to evaluate whether appellant can perform other jobs in the national economy ..." Therefore, we remanded the case "for additional evaluation and findings relative to appellant's ability to perform gainful work in the national economy in light of his need to work in an unusually clean environment."
 
 
 12
 On remand, the burden was on the Secretary to show the existence of other jobs in the national economy which appellant could perform given his need to work in an unusually clean environment. See Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980). The only evidence presented by the Secretary at the supplemental hearing was the testimony of John A. Campbell, M.A. in Psychology, a vocational expert and a rehabilitation specialist.
 
 
 13
 In response to a hypothetical question which assumed appellant's age, education, past relevant work, and his need for a work environment in which he would not have to touch materials containing Thiuram, Campbell testified that appellant would be able to perform approximately 62,000 clerical jobs, including cashier, charge account clerk, information clerk, and ticket seller. Interestingly, the jobs identified by Campbell are almost identical to the jobs suggested by the vocational expert at the original hearing. Campbell testified that when rendering his opinion, he considered all the Thiuram compounds listed in an exhibit submitted during the original hearing, but Campbell's resume reflects no experience in Chemistry or industrial hygiene. Upon cross-examination by appellant's attorney, Campbell admitted that he did not have experience regarding industrial hygiene and the presence of chemical compounds in the work environment.
 
 
 14
 The purpose for remanding this case was to evaluate the availability of jobs in light of appellant's need to work in an unusually clean environment. I conclude the Secretary has failed to satisfy the burden of showing the availability of jobs in the national economy in light of appellant's skin condition. The Secretary submitted no evidence regarding the presence of Thiuram-containing substances in the workplace. The Secretary's evidence at the supplemental hearing was substantially the same as presented on this matter at the original hearing. The only additional evidence was Campbell's answer to the hypothetical question wherein he opined that appellant could perform a substantial number of jobs in the national economy despite his skin condition. However, Campbell's testimony does not satisfy the Secretary's burden of proof because Campbell lacks the expertise to render an opinion as to the presence of Thiuram-containing substances in the work place. Thus, in my view, the Secretary's decision denying benefits is not supported by substantial evidence.
 
 
 
 [1]
 Hayes v. Secretary of Health and Human Services, No. 85-3914 (Dec. 16, 1986)
 
 
 [2]
 Oils, rubber products such as tires, and insecticides are examples of products containing Thiuram
 
 
 [3]
 Paper money, for example, contains some Thiuram as a result of the ink used in printing the money. However, claimant regularly handles money without incident
 
 
 [4]
 Claimant was 35 years of age at the time of the initial hearing and 39 years of age at the time of the second hearing